UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DEMARCUS NELSON, )
)
    Petitioner, )
)
v. ) No.: 3:20-CV-97-RLJ-DCP
)
KEVIN GENOVESE, )
)
    Respondent. )

## MEMORANDUM OPINION

Petitioner Demarcus Nelson is a Tennessee inmate proceeding pro se on a federal habeas petition pursuant to 28 U.S.C. § 2254 in which he challenges the constitutionality of his confinement under a Knox County judgment of conviction. Having considered the submissions of the parties, the State-court record, and the law applicable to Petitioner's claims, the Court finds that the petition should be denied.

### I. SUMMARY OF EVIDENCE & PROCEDURAL HISTORY

In February 2012, Knoxville Police arrived at a residence to execute arrest warrants for persons known to frequent the location. *State v. Nelson*, E2013-01414-CCA-R3-CD, 2014 WL 4065649, at *1 (Tenn. Crim. App. Aug. 18, 2014), *no perm. app. filed* ("*Nelson I*"). Officers observed an individual, later identified as Petitioner, running from the residence toward an adjacent alley. *Id*. An officer chased Petitioner into the alley and observed Petitioner "throw a couple of small items" onto the porch roof of a neighboring home which the officer believed to be narcotics based on his training and experience. *Id*. at *1-2. Petitioner stopped upon the officer's order and was taken into custody. *Id*. A search of Petitioner's person revealed no contraband. *Id*. at *2. The officer climbed a ladder onto the roof of the neighbor's porch and "found two small baggies"

of narcotics, one bag containing "a rock-like substance weighing approximately 3.2 grams and one bag of a powder substance weighing 5.1 grams." *Id*.

A Knox County Grand Jury indicted Petitioner on one count of possession with intent to sell and one count of possession with intent to deliver .5 grams or more of a substance containing cocaine within 1000 feet of a school [Doc. 6-1 p. 6-7].

Petitioner moved to suppress the evidence recovered during his arrest. *Nelson I*, 2014 WL 4065649, at *1-3. After an evidentiary hearing, the trial court denied the motion to suppress. *Id*. at *2-3. Petitioner later pleaded guilty to one count of possession with intent to sell 0.5 grams or more of a substance containing cocaine within 1000 feet of a school. *Id*. at *1. Both trial counsel and Petitioner signed a plea petition noting trial counsel had alerted Petitioner to the constitutional rights he was waiving by pleading guilty [Doc. 6-1 p. 57-62]. The plea agreement reserved a certified question of law for appeal concerning Petitioner's seizure under the Fourth Amendment [*Id*. at 61]. Petitioner was sentenced to twenty years in the custody of the Tennessee Department of Correction [*Id*. at 63]. Petitioner appealed the certified question to the Tennessee Court of Criminal Appeals ("TCCA"), which affirmed the trial court's denial of Petitioner's motion to suppress. *Nelson I*, 2014 WL 4065649, at *1. Petitioner did not initially file an application for permission to appeal to the Tennessee Supreme Court.

Thereafter, Petitioner filed a petition for post-conviction relief in the post-conviction trial court. *Nelson v. State*, No. E2015-01247-CCA-R3-PC, 2016 WL 3563696, at *1 (Tenn. Crim. App. June 22, 2016*), no perm. app. filed* ("*Nelson II*"). In his petition, Petitioner requested permission to file a delayed application for permission to appeal his certified question of law to the Tennessee Supreme Court. *Id*. The post-conviction trial court granted Petitioner's request for a delayed appeal but denied his other post-conviction claims on their merits. *Id*. at *2. Petitioner

2

appealed the denial of post-conviction relief to the TCCA, which reversed and remanded the case to the trial court. *Id*. The TCCA ordered the trial court to allow post-conviction counsel to amend the post-conviction petition and to conduct an evidentiary hearing on Petitioner's remaining post-conviction claims. *Id*. at *3. Petitioner's delayed appeal to the Tennessee Supreme Court was denied [Doc. 6-9].

On remand, post-conviction counsel filed an amended petition, and the post-conviction court held an evidentiary hearing. *Nelson v. State*, No. E2017-01418-CCA-R3-PC, 2018 WL 6721986, at *3 (Tenn. Crim. App. Dec. 21, 2018), *perm. app. denied* (Tenn. May 20, 2019) ("*Nelson III*"). Petitioner again litigated his Fourth Amendment claim. *Id*. After calling the arresting officers, Petitioner called trial counsel as a witness. *Id*. at *5.

Trial counsel testified that he began representing Petitioner at the general sessions level. *Id*. Counsel remembered viewing several videos of Petitioner's arrest before filing the motion to suppress. *Id*. He remembered negotiating the plea agreement on Petitioner's behalf, reserving the Fourth Amendment issue in the certified question of law for appeal. *Id*. at *6. Counsel also recalled discussing various plea offers with Petitioner, including the offer Petitioner eventually accepted. *Id*.

Counsel could not remember whether the prosecutor referenced Tennessee's gang enhancement statute when they communicated. *Id*. Counsel testified that it was his practice not to speak to clients about the possible gang enhancement unless the State specifically referenced the enhancement. *Id*. Counsel was "generally" familiar with the gang enhancement statute and did not recall discussing any possible constitutional challenges to the statute with Petitioner. *Id*. at *6-7. Counsel testified that he "probably" advised Petitioner that the State would have to seek a superseding indictment for the gang enhancement to apply. *Id*. at *7. Petitioner did not testify

3

at his evidentiary hearing. *See id.* at *3-7. The trial court denied post-conviction relief, and the TCCA affirmed the judgment. *Id.* at *1. The Tennessee Supreme Court denied discretionary review [Doc. 6-27].

On or about March 6, 2020, Petitioner filed the instant petition for federal habeas relief, raising the following claims, as paraphrased by the Court:

Claim One: Unreasonable Search and Seizure

Claim Two: Unknowing and Involuntary Guilty Plea

Claim Three: Ineffective Assistance of Counsel

[Doc. 1]. Thereafter, the Court ordered Respondent to file a response to the petition, and Respondent complied by filing an answer on May 7, 2020 [Doc. 7]. After several extensions of time were granted, Petitioner filed his reply on August 14, 2020 [Doc. 21]. Therefore, this matter is ripe for review.

## II. LEGAL STANDARD

The Court's review of the instant petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which prevents the grant of federal habeas relief on any claim adjudicated on the merits in state court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision based on an unreasonable determination of facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Federal habeas relief may be granted under the "contrary to" clause where the state court (1) arrives at a conclusion opposite that reached by the Supreme Court on a question of law; or (2) decides a case differently than the Supreme Court on a set of materially indistinguishable facts.

*See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal court may grant relief where the state court applies the correct legal principle to the facts in an unreasonable manner. *See id.* at 407-08; *Brown v. Payton*, 544 U.S. 133, 141 (2005). Whether a decision is "unreasonable" is an objective inquiry; it does not turn on whether the decision is merely incorrect. *See Schriro*, 550 U.S. at 473 ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable − a substantially higher threshold."); *Williams*, 529 U.S. at 410-11. When evaluating the evidence presented in state court, a federal habeas court presumes the correctness of the state court's factual findings unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

Federal habeas review is also limited by the doctrine of procedural default. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (holding prisoner's procedural default forfeits his federal habeas claim). A procedural default exists in two circumstances: (1) where the petitioner fails to exhaust all of his available state remedies, and the state court to which he would be required to litigate the matter would now find the claims procedurally barred, and (2) where a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that rule provides an independent and adequate basis for the dismissal. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 729, 731-32, 735 n.1 (1991). A procedural default may be circumvented, allowing federal habeas review of the claim, where the prisoner can show cause for the default and actual resulting prejudice, or that a failure to address the merits of the claim would result in a fundamental miscarriage of justice. *Id.* at 750; *see also Wainwright v. Sykes*, 433 U.S. 72, 87, 90-91 (1977). "Cause" is established where a petitioner can show some objective external factor impeded defense counsel's ability to comply with the state's procedural rules. *See Coleman*, 501 U.S. at 753. For

5

instance, the ineffective assistance of counsel can serve as "cause" for a defaulted claim. *Id*. The "prejudice" sufficient to overcome a default must be actual, not merely possible. *See Maupin v. Smith*, 785 F.2d 135, 139 (6th Cir. 1986) (citations omitted); *see also United States v. Frady*, 456 U.S. 152, 170 (1982) (holding prejudice showing requires petitioner to bear "the burden of showing, not merely that the errors [in the proceeding] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions") (emphasis in original).

Generally, errors of post-conviction counsel cannot serve as "cause" to excuse a procedural default. *Coleman*, 501 U.S. at 752. An exception to this rule was established in *Martinez v. Ryan*, which held that the inadequate assistance of post-conviction counsel or the absence of such counsel may establish cause for a prisoner's procedural default of an ineffective assistance of trial counsel claim under certain circumstances. *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). The Supreme Court has described the *Martinez* exception as containing the following requirements:

> [The exception] allow[s] a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim;" and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (citing *Martinez*, 566 U.S. at 13-14, 16-17).

Therefore, when considering an ineffective assistance of trial counsel claim under *Martinez*, a petitioner must show the ineffectiveness of post-conviction counsel and "the 'substantial' nature of his underlying [ineffective assistance of trial counsel] claims." *Woolbright v. Crews*, 791 F.3d 628, 637 (6th Cir. 2015). A substantial claim is one that "has some merit."

6

*Martinez*, 566 U.S. at 14. Inversely, a claim is insubstantial if it "does not have any merit or. . . is wholly without factual support." *Id*. at 15-16.

A determination of whether an ineffective assistance of counsel claim is substantial requires a federal court to examine the claim under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a habeas petitioner to satisfy a conjunctive, two-prong test to warrant federal habeas corpus relief: (1) he must demonstrate constitutionally deficient performance by counsel, and (2) he must demonstrate actual prejudice as a result of such ineffective assistance. *Strickland*, 466 U.S. at 687. Deficiency is established when a petitioner can demonstrate that counsel's performance falls below an objective standard of reasonableness as measured by professional norms, such that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id*. at 687-88. This Court's scrutiny is to be highly deferential of counsel's performance, with an effort to "eliminate the distorting effects of hindsight." *Id*. at 689. In fact, counsel is to be afforded a presumption that his actions were the product of "sound trial strategy" and undertaken with the exercise of reasonable professional judgment. *Id*.

Prejudice is established when the petitioner can demonstrate to a reasonable probability that the result of the proceedings would have been different but for the challenged conduct, thereby undermining confidence in the reliability of the outcome. *Id.* at 687, 694. However, an error, even if professionally unreasonable, does not warrant setting aside the judgment if it had no effect on the judgment. *Id.* at 691.

While the *Strickland* standard governs eventual review of the merits of an ineffective assistance of counsel claim, the question of whether an ineffective assistance of counsel claim is substantial is more akin to a preliminary review of the *Strickland* claim to determine whether a

7

certificate of appealability should issue. *Martinez*, 566 U.S. at 14-15. Therefore, a court may conclude that the petitioner has raised a substantial claim where the resolution of the claim would be "debatable amongst jurists of reason," or where the issues presented are "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003). If the petitioner can successfully demonstrate cause and prejudice of post-conviction counsel under this preliminary review, the final step is for the district court to evaluate the underlying ineffective assistance of trial counsel claims on the merits. *Atkins v. Holloway*, 792 F.3d 654, 659-60 (6th Cir. 2015).

## III. ANALYSIS

### A. Unreasonable Search and Seizure

In his first claim of error, Petitioner argues that his Fourth Amendment right to be free from an unreasonable search and seizure was violated [Doc. 1 p. 5-8]. However, a habeas petitioner may not seek habeas relief on a claim of illegal seizure or arrest if he had a full and fair opportunity to raise the claim in State court. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). The Sixth Circuit has set forth two distinct inquiries a court must perform when determining whether a petitioner may raise a claim of illegal arrest in a habeas action: First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a [F]ourth [A]mendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (citation and internal citation omitted). This inquiry is focused on whether there is "an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013).

Here, Petitioner presented his Fourth Amendment claim to the Tennessee courts, where it was considered and rejected at both the trial and appellate levels [Doc. 6-1 p. 47-53; Doc. 6-7]. Accordingly, any claim concerning the validity of a search or seizure of Petitioner is not cognizable on habeas review.

### B. Unknowing and Involuntary Guilty Plea

Next, Petitioner claims he unknowingly and involuntarily pleaded guilty, as counsel pressured him to plead guilty under threat of the application of Tennessee's gang enhancement statute, which has since been declared unconstitutional [Doc. 1 p. 9-12].

A guilty plea constitutes "a confession which admits that the accused did various acts[.]" *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A guilty plea bars most non-jurisdictional constitutional claims, thus requiring a valid plea to be knowingly, voluntarily, and intelligently entered. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."). In making this assessment, courts ask "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). A petitioner's representation of voluntariness at his guilty-plea hearing carries a strong presumption of veracity and constitutes "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

An accused must be advised that he is waiving several constitutional rights by entering a plea. *Boykin*, 395 U.S. at 243. Specifically, he must be advised that he is waiving his right against self-incrimination, his right to a jury trial, and his right to face his accusers. *Id*. Whether a guilty plea is valid is a determination reached upon a consideration of the totality of the circumstances.

9

*Alford*, 400 U.S. at 31; *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995). These circumstances include:

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (citing *Caudill v. Jago*, 747 F.2d 1046, 1052 (6th Cir. 1984)).

Petitioner presented this claim during his second post-conviction appeal [*see* Doc. 6-22 p. 60-65], where the TCCA cited *Boykin* and applied the law to the established facts. *Nelson III*, 2018 WL 6721986, at *16-17. The TCCA observed that the possibility that Petitioner may have faced enhanced punishment under the gang enhancement statute if he proceeded to trial would not have rendered his plea involuntary. *Id*. at *17. That is, merely because a petitioner may "not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of free and rational choice[.]" *Alford*, 400 U.S. at 31. In fact, the TCCA noted that the record did not show that Petitioner "actually faced sentencing under the gang enhancement statute." *Id*. Finally, the record contradicts Petitioner's allegation that counsel "pressure[d]" Petitioner to plead guilty based on the alleged threat of gang enhancement [Doc. 1 p. 9]. Rather, counsel testified at the evidentiary hearing that if Petitioner desired to go to trial, "we would have gone to trial in the case," and that Petitioner ultimately made the decision to plead guilty [Doc. 6-20 p. 110-111].

Furthermore, the TCCA found that a guilty plea is not involuntary if the punishment the petitioner sought to avoid was later declared unconstitutional, which is what occurred to the Tennessee gang enhancement statute. *Nelson III*, 2018 WL 6721986, at *17 (citing *Brady v. United States*, 397 U.S. 742, 756 (1970)). Therefore, clearly established federal law does not

10

support Petitioner's contention that his due process rights were violated when the gang enhancement statute was later declared unconstitutional.

Accordingly, the Court finds that Petitioner has failed to demonstrate that the rejection of this claim involves an unreasonable application of clearly established federal law, or that it was based upon an unreasonable determination of facts in light of the evidence presented.

The Court notes that Petitioner also argues an entitlement to relief because his attorneys did not produce the transcript of his guilty plea hearing, and that he "had significant proof via the transcripts, as well as, the record to show that his plea was not an intentional relinquishment or abandonment of his constitutional rights" [Doc. 1 p. 9-10]. However, Petitioner did not exhaust this claim to the TCCA as is required to meet the exhaustion requirement [*See* Docs. 6-22 and 6-25]. *See* 28 U.S.C. § 2254(b); *Adams v. Holland*, 330 F.3d 398 (6th Cir. 2003) (finding presentation of claim to TCCA sufficient to exhaust state remedies); *see also* Tenn. S. Ct. R. 39 (establishing presentation of claim to TCCA is sufficient to exhaust state remedies). Because Petitioner no longer "has the right under the law" of Tennessee to properly exhaust this claim, the claim is technically exhausted but procedurally defaulted. *See* 28 U.S.C. § 2254(c); *Atkins*, 792 F.3d at 657 ("[W]hen a petitioner fails to present a claim in state court, but that remedy is no longer available to him, the claim is technically exhausted, yet procedurally defaulted."); *see also* Tenn. Code Ann. § 40-30-102(a) (one-year limitation period) and § 40-30-102(c) ("one petition" rule). As Petitioner has not pleaded cause and prejudice for this default, this claim must be dismissed.

Alternatively, the Court finds that the claim fails on its merits. *See* 28 U.S.C. § 2254(b)(2) (providing court may deny claim on merits notwithstanding failure to exhaust). Petitioner does not state how failure to produce the guilty plea transcript on appeal would render his trial plea unknowing and involuntary. Nonetheless, *Boykin* never held that transcripts of guilty plea hearings must be provided and entered into the record. *See Alford*, 400 U.S. at 31 (holding transcript

11

demonstrating trial judge admonished defendant of constitutional rights is not constitutionally required). Instead, if a transcript is not part of the record, a federal habeas court should examine the entire record to see if the State court provided a "full and fair evidentiary hearing" on the voluntariness issue. *Townsend v. Sain*, 372 U.S. 293, 312 (1962). If the court concludes that the petitioner received a full and fair hearing by the State court that resulted in reliable findings, the reviewing court should accept the facts as found in the record. *Id*. at 318.

Here, the record shows that Petitioner knowingly and voluntarily pleaded guilty, and that he made the decision to do so himself [Doc. 6-20 p. 108, 110]. Both trial counsel and Petitioner signed the plea petition, which alerted Petitioner to the constitutional rights he was waiving by entering a guilty plea [Doc. 6-1 p. 57-62]. Therefore, the record establishes that Petitioner relinquished his rights in a voluntary and intelligent choice. *See Alford*, 400 U.S. at 31. Accordingly, the Court finds that Petitioner is not entitled to federal habeas relief on the basis of his guilty plea.

### C. Ineffective Assistance of Counsel

#### 1. Gang Enhancement Statute

Petitioner argues that trial counsel rendered ineffective assistance in failing "to effectively communicate and conduct an adequate investigation into the constitutionality" of Tennessee's gang enhancement statute [Doc. 1 p. 12-13].

Citing *Strickland*, the TCCA addressed this claim during Petitioner's second-postconviction appeal. *Nelson III*, 2018 WL 6721986, at *7, *14-16. The TCCA first held that trial counsel did not perform deficiently, and that Petitioner suffered no prejudiced based on counsel's communication regarding the gang enhancement statute. *Id*. at *15. Regarding counsel's performance, the TCCA noted that counsel "probably advised Petitioner that the State would have to seek a superseding indictment" to pursue the enhancement. *Id*. at *15. The TCCA

also stated that no evidence was introduced to "establish how the gang enhancement statute relates to Petitioner's case or that the threat of gang enhancement was used to induce" the guilty plea. *Id*. The TCCA decided that Petitioner suffered no prejudice, because he failed to show that but for counsel's alleged deficiency, he would not have pleaded guilty. *Id*. at *15-16.

Second, the TCCA held that counsel was not ineffective based on his actions with the gang enhancement's constitutionality. *Id*. The court reasoned that counsel was not deficient, because there was no evidence in the record showing that Petitioner was facing application of the gang enhancement statute. *Id*. at *15. Additionally, at the time of Petitioner's guilty plea, the gang enhancement statute had not been held unconstitutional, and the TCCA declined to find deficient performance for counsel's failure to "exercise extraordinary vision" on every aspect of the case "in the hope that some aspect might mask a latent constitutional claim." *Id*. (citing *Engle v. Isaac*, 456 U.S. 107, 131 (1983)). The TCCA also held that no evidence existed in the record to establish prejudice to Petitioner. *Id*. at 16.

The Court notes that when a defendant enters a guilty plea, he waives all claims of ineffective assistance of counsel except those that relate to the voluntariness of the plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985). As noted above, to show prejudice under *Strickland* in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59 (footnote omitted). The record shows that counsel was "generally" familiar with the statute and "probably" advised Petitioner that the State would have to seek a superseding indictment for the gang enhancement to apply [Doc. 6-20 p. 102, 114]. However, as the TCCA found, the record contained no conclusive evidence that Petitioner ever faced application of the gang enhancement statute. *Nelson III*, 2018 WL 6721986, at *14-15.

The TCCA also noted Petitioner failed to show how the constitutionality of the gang

13

enhancement statute was relevant to his proceeding, since the record showed that he was not facing the statute's application. *Id*. at *15. Regardless, the Court finds that even if Petitioner faced the statute's application, the TCCA was not unreasonable when it determined that counsel was not required to divine that the statute would later be declared unconstitutional. *Id*. (quoting *Engle v. Isaac*, 456 U.S. 107, 131 (1983)).

Finally, Petitioner introduced no evidence suggesting, much less establishing, a reasonable probability that he would not have pleaded guilty absent counsel's alleged deficient performance as it pertains to the gang enhancement statute [Doc. 1 p. 12-13]. Without this evidence, the record does not "compel the conclusion" that the TCCA had no permissible alternative other than to provide Petitioner relief. *See Carter v. Bogan*, 900 F.3d 754, 768 (6th Cir. 2018) (holding factual conclusions are not unreasonable unless the record compels a contrary conclusion).

In sum, the Court finds that the decision rejecting this claim was neither contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court law, nor was it based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, habeas relief will be denied as to this claim.

### 2. Procedurally Barred Claims of Ineffective Assistance

Petitioner raises several ineffective assistance of counsel claims in these proceedings that were not properly presented to the TCCA. Specifically, Petitioner alleges that trial counsel rendered ineffective assistance by failing "to file a proper pre-trial motion addressing the fraudulent capiases that were issued by the Sheriff's department" [Doc. 1 p. 17], failing "to direct the court to produce the guilty plea hearing transcripts" [*Id*. at 18], and failing "to represent the Petitioner to the fullest extent of the law" [*Id*. at 12].

Petitioner did not present these claims to the TCCA on post-conviction appeal [*See, generally*, Doc. 6-22]. *See Adams*, 330 F.3d at 398 (finding presentation of claim to TCCA

14

sufficient to exhaust state remedies); *see also* Tenn. S. Ct. R. 39 (establishing presentation of claim to TCCA is sufficient to exhaust state remedies). Because Petitioner no longer "has the right under the law" of Tennessee to properly exhaust this claim, these claims are technically exhausted but procedurally defaulted. *See* 28 U.S.C. § 2254(c); *Atkins*, 792 F.3d at 657 ("[W]hen a petitioner fails to present a claim in state court, but that remedy is no longer available to him, the claim is technically exhausted, yet procedurally defaulted."); *see also* Tenn. Code Ann. § 40-30-102(a) (one-year limitation period) and § 40-30-102(c) ("one petition" rule).

Petitioner acknowledges that these claims may have been defaulted, but he cites *Martinez* to attempt to overcome any default [*See, generally*, Doc. 1 p. 12, 15-18].

### a. Failure to Challenge Capiases

Petitioner first argues that trial counsel rendered ineffective assistance in failing to challenge "fraudulent capiases" [Doc. 1 p. 17]. Petitioner litigated this claim at his initial collateral proceeding — the post-conviction evidentiary hearing in the Knox County Criminal Court [Doc. 1 p. 17-18; Doc. 6-18 p. 24-25; Doc. 6-20 p. 10-26, 137-38]. The post-conviction court denied relief in a written order [Doc. 6-19 p. 18-19]. However, Petitioner did not appeal this claim on post-conviction appellate review [*See, generally*, Docs. 6-22 and 6-25].

The holding in *Martinez* is inapplicable in this case, as the exception does not extend to claims of ineffective assistance of trial counsel that were raised at the initial collateral proceeding but defaulted on collateral appellate review. *See Middlebrooks v. Carpenter*, 843 F.3d 1127, 1136 (6th Cir. 2016); *see also Martinez*, 566 U.S. 1 at 16 (holding exception "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings"). Petitioner does not otherwise establish cause and prejudice for his default, or that failure to consider this claim would result in a fundamental miscarriage of justice. Accordingly, this claim

15

is procedurally defaulted.

### b. Failure to Direct Production of Guilty Plea Transcript

Next, Petitioner faults trial counsel for failing to "direct the court to produce the guilty plea hearing transcripts" [Doc. 1 p. 18]. As noted above in Part III.B., this allegation is defaulted. Regardless, the Court finds that Petitioner does not argue how there was a reasonable probability that he would not have pleaded guilty if trial counsel had obtained the plea hearing transcripts, and therefore, he cannot establish that he was prejudiced as a result of counsel's failure to produce the transcripts. *See Hill*, 474 U.S. at 59 (holding petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" in order to demonstrate constitutional prejudice). In fact, Petitioner only alleges that the transcripts would have "impacted" the guilty plea and the post-conviction hearing [Doc. 1 p. 18]. Therefore, this claim lacks substantiality, and Petitioner cannot excuse the default under *Martinez*. Petitioner does not otherwise establish cause and prejudice for his default, or that failure to consider this claim would result in a fundamental miscarriage of justice. Accordingly, this claim is procedurally defaulted.

### c. Inadequate Representation

Next, Petitioner alleges that trial counsel failed to "represent the Petitioner to the fullest extent of the law," alluding to counsel's alleged failure to investigate the case and "apprise the Petitioner of all his rights" [Doc. 1 p. 12-13].

A review of the record, however, demonstrates that both trial counsel and Petitioner signed the plea petition and jury trial waiver, which outlined Petitioner's constitutional rights [Doc. 1 p. 57-62]. Thus, the record shows that Petitioner was appropriately apprised of his rights, and he has failed to show deficient performance by counsel. Therefore, this claim is insubstantial under *Martinez*. *See also Strickland*, 466 U.S. at 687 (holding court need not analyze second prong of

16

ineffective assistance inquiry if first prong fails).

The record also refutes Petitioner's claim that trial counsel failed to investigate and pursue the case. Trial counsel testified that he met with Petitioner approximately four to five times [Doc. 6-20 p. 90], reviewed police footage of Petitioner's arrest [*Id*. at 91], filed a motion to suppress and litigated the motion [*Id*. at 91-92], negotiated plea offers [*Id*. at 94-95], advised Petitioner about the offers [*Id*. at 108], and appealed the certified question to the TCCA [Docs. 6-4, 6-6, and 6-7]. Trial counsel testified that whether they went to trial was Petitioner's choice, and that they "would have gone to trial in the case" if Petitioner had wanted to do so [*Id*. at 111]. Petitioner declined to do so, however, and decided to plead guilty [*Id*. at 110]. Petitioner's subsequent dissatisfaction with his decision to plead guilty does not render counsel's reasonable performance deficient, and this claim is insubstantial. Petitioner does not otherwise demonstrate cause and prejudice for these defaulted ineffective assistance claims, or that a fundamental miscarriage of justice would result from failure to review the claims on their merits. Accordingly, these claims must be dismissed as defaulted.

## IV.   CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability ("COA") before he may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). Applying this standard, the Court concludes that a COA should be denied in this case.

## V. CONCLUSION

For the reasons set forth above, Petitioner has failed to demonstrate an entitlement to federal habeas relief. Therefore, the instant petition will be **DENIED**, and this action is **DISMISSED WITH PREJUDICE**. A certificate of appealability from this decision will be **DENIED**.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge